```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION
```

UNITED STATES OF AMERICA

VERSUS                                CIVIL ACTION NO. 5:03cr1-DCB

DANNY HUBBARD                                              DEFENDANT

**ORDER**

    This matter comes before the court on remand from the United States Court of Appeals for the Fifth Circuit. Having reviewed the Fifth Circuit's Order, the defendant's letter, applicable statutory and case law and being otherwise fully advised as to the premises, the Court finds and orders as follows:

    On August 4, 2003, Danny Hubbard was sentenced to 97 months imprisonment for violating 21 U.S.C. § 841A, possession with intent to distribute marijuana. On August 11, 2003, the Court received a letter from Hubbard [docket entry no. 24]. In his letter, Hubbard states that his lawyer misled him as to the applicable sentencing guideline range. Hubbard also asks in his letter that the Court either assist him in his quest to acquire a "5K1 reduction," or, in the alternative, to consider his letter as an "official request for an appeal of sentencing." The Court took no action on this letter, and Hubbard was remanded to the custody of the United States Marshal Service on September 12, 2003.

    On March 18, 2004, Hubbard filed a Motion to Vacate pursuant

to 28 U.S.C. § 2255 [docket entry no. 31], which was denied[1] [docket entry no. 39].  Hubbard then filed his Notice of Appeal and Motion for a Certificate of Appealability [docket entry no. 42]. The Court entered an order on June 19, 2006 [docket entry no. 53], wherein the Court declined to issue a certificate of appealability. On June 20, 2006, a deputy clerk of the United States Court of Appeals for the Fifth Circuit wrote Hubbard and informed him that if he wished to appeal this Court's denial of his § 2255 motion, he must first submit a certificate of appealability to the Fifth Circuit.  Hubbard complied and submitted a Motion for Certificate of Appealability to the Fifth Circuit on July 11, 2006.

On July 6, 2007, the Fifth Circuit issued an order granting Hubbard's Motion for Certificate of Appeability and vacating the Court's denial of the § 2255 motion.  In an unpublished opinion, the Fifth Circuit held that the district court should have (1) construed the defendant's August 11, 2003 letter as a Motion for Reconsideration which would have prevented the criminal judgment from becoming final, and (2) dismissed Hubbard's § 2255 motion as premature.  Accordingly, the Court now turns to Hubbard's Motion for Reconsideration [docket entry no. 24].

The Federal Rules of Criminal Procedure do not explicitly

---

[1]Hubbard's Motion to Vacate was denied because in the Memorandum of Understanding entered into between Hubbard and the government, Hubbard waived his right to appeal or seek post-conviction relief.

authorize a defendant to bring a motion for reconsideration. Nevertheless, it is well settled that a criminal defendant may file a motion for reconsideration within the time prescribed for filing a notice of appeal. United States v. Dieter, 429 U.S. 6, 8 (1976), cited in United States v. Elizondo, 277 F. Supp. 2d 691, 695 (S.D. Tex. 2002). "It is well-established that a timely filed motion for reconsideration renders the underlying judgment nonfinal until the district court disposes of that post-judgment motion." Simmons v. Reliance Std. Life Ins. Co., 310 F.3d 865, 867 (5th Cir. 2002), citing United States v. Ibarra, 502 U.S. 1, 5 (1991); United States v. Brewer, 60 F.3d 1142, 1143-44 (5th Cir. 1995).

Section 5K1.1 of the United States Sentencing Guidelines states, "Upon **motion of the government** stating that the defendant has provided substantial assistance . . . the court may depart from the guidelines." Defendants do not have a constitutional right to a Section 5K1.1 downward departure. United States v. Aderholt, 87 F.3d 740, 743 (5th Cir. 1996). Barring the showing of some unconstitutional motivation on the part of the government, the decision to make (or not make) a motion for a Section 5K1.1 downward departure rests with the government. Id. Hubbard has failed to provide the Court with any evidence to show that he is entitled to receive a Section 5K1.1 departure. Accordingly,

IT IS HEREBY ORDERED that the defendant's Motion for Reconsideration [**docket entry no. 24**] is **DENIED**.

IT IS FURTHER ORDERED that the defendant's Motion to Vacate pursuant to 28 U.S.C. § 2255 [**docket entry no. 31**] is **DISMISSED WITHOUT PREJUDICE.**

The defendant is hereby advised that if he wishes to appeal his sentence, he must file a notice of appeal within ten days of entry of this Order.

SO ORDERED, this the   25th   day of July, 2007.

                                                s/ David Bramlette
                                         UNITED STATES DISTRICT JUDGE