```
                  UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
                        WESTERN DIVISION

UNITED STATES OF AMERICA


VERSUS                             CRIMINAL ACTION NO. 5:03cr1-DCB


DANNY HUBBARD                                           DEFENDANT
```

**ORDER**[1]

This matter comes before the court on remand from the United States Court of Appeals for the Fifth Circuit.  Having reviewed the Fifth Circuit's Order, the defendant's letter, applicable statutory and case law and being otherwise fully advised as to the premises, the Court finds and orders as follows:

On August 4, 2003, Danny Hubbard was sentenced to 97 months imprisonment for violating 21 U.S.C. § 841A, possession with intent to distribute marijuana.  On August 11, 2003, the Court received a letter from Hubbard [docket entry no. 24].  In his letter, Hubbard states that his lawyer misled him as to the applicable sentencing guideline range.  Hubbard also asks in his letter that the Court

---

[1] The Court erroneously entered a prior version of this Order [docket entry no. 54] on July 25, 2007, following the date (July 6, 2006) on which the United States Court of Appeals for the Fifth Circuit filed its opinion and order remanding the case to this Court but before the judgment was issued as mandate [docket entry no. 56] on August 30, 2007.  To further compound the confusion, this Court issued an Order [docket entry no. 57] on November 6, 2007, wherein it duplicated a portion of the July 25, 2007 Order. The November 6, 2007, Order was withdrawn by a docket annotation on November 19, 2007.  The July 25, 2007, Order will be withdrawn, and the instant Motion will be substituted in its place.

-1-

either assist him in his quest to acquire a "5K1 reduction," or, in the alternative, to consider his letter as an "official request for an appeal of sentencing." The Court took no action on this letter, and Hubbard was remanded to the custody of the United States Marshal Service on September 12, 2003.

On March 18, 2004, Hubbard filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 [docket entry no. 31], which was denied[2] [docket entry no. 39]. Hubbard then filed his Notice of Appeal and Motion for a Certificate of Appealability [docket entry no. 42]. The Court entered an order on June 19, 2006 [docket entry no. 53], wherein the Court declined to issue a certificate of appealability. On June 20, 2006, a deputy clerk of the United States Court of Appeals for the Fifth Circuit wrote Hubbard and informed him that if he wished to appeal this Court's denial of his § 2255 motion, he must first submit a certificate of appealability to the Fifth Circuit. Hubbard complied and submitted a Motion for Certificate of Appealability to the Fifth Circuit on July 11, 2006.

On August 30, 2007, the Fifth Circuit granted Hubbard's Motion for Certificate of Appeability and vacated the Court's denial of the § 2255 motion. In an unpublished opinion, the Fifth Circuit held that the district court should have (1) construed the

---

[2]Hubbard's Motion to Vacate was denied because in the Memorandum of Understanding entered into between Hubbard and the government, Hubbard waived his right to appeal or seek post-conviction relief.

defendant's August 11, 2003 letter as a Motion for Reconsideration which would have prevented the criminal judgment from becoming final, and (2) dismissed Hubbard's § 2255 motion as premature. Accordingly, the Court now turns to Hubbard's Motion for Reconsideration [docket entry no. 24].  Hubbard's duplicative Motion for Reconsideration of Sentence [docket entry no. 58] filed on December 3, 2007, is also before the Court.

The Federal Rules of Criminal Procedure do not explicitly authorize a defendant to bring a motion for reconsideration. Nevertheless, it is well settled that a criminal defendant may file a motion for reconsideration within the time prescribed for filing a notice of appeal. United States v. Dieter, 429 U.S. 6, 8 (1976), cited in United States v. Elizondo, 277 F. Supp. 2d 691, 695 (S.D. Tex. 2002).  "It is well-established that a timely filed motion for reconsideration renders the underlying judgment nonfinal until the district court disposes of that post-judgment motion." Simmons v. Reliance Std. Life Ins. Co., 310 F.3d 865, 867 (5th Cir. 2002), citing United States v. Ibarra, 502 U.S. 1, 5 (1991); United States v. Brewer, 60 F.3d 1142, 1143-44 (5th Cir. 1995).

Section 5K1.1 of the United States Sentencing Guidelines states, "Upon **motion of the government** stating that the defendant has provided substantial assistance . . . the court may depart from the guidelines."  Defendants do not have a constitutional right to a Section 5K1.1 downward departure. United States v. Aderholt, 87

F.3d 740, 743 (5th Cir. 1996). Barring the showing of some unconstitutional motivation on the part of the government, the decision to make (or not make) a motion for a Section 5K1.1 downward departure rests with the government. Id. Hubbard has failed to provide the Court with any evidence to show that he is entitled to receive a Section 5K1.1 departure. Accordingly,

**IT IS HEREBY ORDERED** that the defendant's Motion for Reconsideration [**docket entry no. 24**] is **DENIED.**

**IT IS FURTHER ORDERED** that the defendant's Motion for Reconsideration of Sentence **[docket entry no. 58]** is **DENIED.**

**IT IS FURTHER ORDERED** that the defendant is hereby advised that if he wishes to appeal his sentence, he must file a notice of appeal within ten (10) days of the entry of this Order.

**IT IS FURTHER ORDERED** that the defendant's Motion to Vacate pursuant to 28 U.S.C. § 2255 [**docket entry no. 31**] is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the Court's Order of July 25, 2007 [docket entry no. 54] is hereby withdrawn and this Order is substituted in its place.

**SO ORDERED,** this the  10th  day of December 2007.

                                    s/ David Bramlette
                                UNITED STATES DISTRICT JUDGE